IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JIMMY G. WOFFORD, et al., )
 )
        Plaintiffs )
 )
vs. ) CASE NO. CV00-HGD-0975-S
 )
CITY OF BOAZ, ALABAMA, et al., )
 )
        Defendants )

FILED 01 FEB 27 PM 3:40 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED
FEB 27 2001

## MEMORANDUM OPINION

This matter is before the undersigned magistrate judge based on the consent of the parties pursuant to 28 U.S.C. § 636 (c) and Fed.R.Civ.P. 73. Defendants, the City of Boaz, et al., have filed a motion to dismiss this action [Doc. #9]. Because defendants submitted exhibits as evidence, this motion was construed as a motion for summary judgment [Doc. #10] and thus subject to the requirements of Fed.R.Civ.P. 56. Defendants subsequently filed a brief in support of their motion [Doc. #11], to which plaintiffs have filed a response [Doc. #12]. However, plaintiffs' response was not accompanied by any affidavits or other evidence.

### PROCEDURAL HISTORY

Plaintiffs, Jimmy G. Wofford and Virginia F. Wofford, state that they are the owners of a mobile home park formerly owned by Robert G. Mapes and Dorothy Mapes. In 1992, a lawsuit was filed in Marshall County Circuit Court which resulted in a finding in 1994 that the

mobile home park was a public nuisance due to various violations related to the property's failure to meet electrical, sewer and other such standards. [Doc. #1, Exh. A). At that time, the court ordered the property owners to comply with or stay in compliance with certain standards regarding the upkeep of the property. The order also gave the City of Boaz the right to enter on the property to inspect it. The court stated that the named parties and all future owners of this property were bound by this order. Approximately one month later, the same court entered another order prohibiting the use of five mobile home trailers located on the property until the City of Boaz agreed that the provisions of all applicable codes had been met. [Doc. #1, Exh. B].

Plaintiffs state that they purchased the subject property in October 1994 and have been continuously operating the property as a mobile home park, renting mobile homes to the public. They allege that they have spent in excess of $100,000.00 in order to comply with the judgments entered in 1994.

According to plaintiffs, in 1997, a new mayor and city council assumed office. Plaintiffs allege that since that time, the City building inspector, Paul Gray, has "continuously conducted his activities with regard to the park in a manner designed to harass, annoy and hinder plaintiffs' business." [Doc. #1 at 2]. They further allege that on June 5, 1997, the City of Boaz filed an action in Marshall County Circuit Court seeking relief based on the 1994 judgment. This action requested that plaintiffs' mobile home park again be declared to be a public nuisance and that they be directed to refrain from not complying with the previous orders of the court and to correct any deficiencies.

Before the case went to trial, the parties reached a settlement. Plaintiffs assert that they had improved the park such that it was in substantial compliance with the previous court order, except for one zoning/non-conforming use dispute. [*Id*. at 3]. However, before the remaining zoning issue went to trial, the parties settled. It was agreed, *inter alia*, that within 90 days, a City of Boaz building inspector could inspect the park to assure that it was in compliance with the previous orders of the court. The inspector was required to give ten days' advance notice of this inspection. The agreement further stated that after Jimmy Wofford complied with the inspection requirements set out above, he could move five mobile homes onto the property, so long as they complied with State and City codes and regulations. [Doc. #1, Exh. C].

In 1997, plaintiffs filed a complaint in Marshall County Circuit Court, Case CV97-200111.00, against the City of Boaz, Paul Gray, Jean Head, Billy Faucett, Harold Brown, George Hopper, Johnny Pullen, and Charles Smith. In Count One of that complaint, plaintiffs alleged that Boaz building inspector Paul Gray had engaged in a series of activities as building inspector "designed to harass, annoy and hinder Plaintiffs with the purpose of closing the business in violation of . . . 42 U.S.C. Sec. 1983." [Doc. #9, Exh. 1]. They further alleged that the members of the city council and the mayor of Boaz caused or allowed Gray to harass plaintiffs, acting "with actual or implied knowledge of and with deliberate indifference " to Gray's actions. [*Id*.]. Plaintiffs alleged that Gray's actions, and the inaction of the mayor and council, constituted an illegal interference with their business and contractual relations with their tenants.

Count Two in the 1997 state action alleged that defendants "systematically under color of municipal law attempted to interfere with, and destroy" plaintiffs' business relations with their

3

tenants by refusing to allow plaintiffs to replace mobile homes with newer ones, in violation of 42 U.S.C. § 1983.

Count Three of the state action alleged a "common design" to interfere with plaintiffs' business relations by attempting to have their mobile home park closed by legal actions based on claims of non-compliance with the 1992 state case which defendants knew to be unfounded.

On October 26, 1998, summary judgment was granted by the state trial court regarding the allegations in the above-referenced 1997 complaint. Plaintiffs did not appeal.

On February 28, 2000, plaintiffs filed a "Petition for Relief" in the Circuit Court of Marshall County, Alabama, in the same case previously dismissed by summary judgment. In that petition, the Woffords asserted that they entered into two agreements with the City of Boaz in 1997. The first settled a dispute concerning plaintiffs' compliance with the court's 1994 order regarding abatement of the nuisance created by conditions at the trailer park. The second dealt with a dispute regarding zoning/non-conforming use, which plaintiffs state was settled with an agreement by the City to allow plaintiffs to move five new mobile homes into the park. Plaintiffs alleged that after the homes were moved into the trailer park, the City wrongfully refused to issue permits to allow the trailers to be occupied. Plaintiffs alleged that the City of Boaz conducted itself in the 1997 litigation in bad faith by entering into agreements it had no intention of honoring and had, in effect, condemned the trailer park illegally. On February 28, 2000, the trial court dismissed the petition without a hearing. Again, plaintiffs failed to appeal to the Alabama Court of Civil Appeals.

4

Plaintiffs filed the instant case on April 14, 2000. Plaintiffs' federal complaint alleges many of the same facts as those alleged in the 1997 and 2000 state court actions. In their federal complaint, plaintiffs claim that the defendants interfered with their business relations when they entered into litigation in bad faith by entering into agreements in Marshall County Case Number CV92-280.01A, with no intention of honoring them, the result of which was an effective condemnation of their mobile home park.

Count One of plaintiffs' complaint in the instant case alleges that defendants' actions constitute an unlawful interference with plaintiffs' business and contractual relationships with their tenants, in violation of 42 U.S.C. § 1983. Plaintiffs demand $250,000.00 in compensatory damages, $3,000,000.00 in punitive damages, interest and costs.

Count Two alleges that defendants systematically, under color of law, attempted to destroy plaintiffs' business, in violation of 42 U.S.C. § 1983. Plaintiffs demand compensatory and punitive damages.

Count Three alleges that defendants engaged in actions which were in furtherance of a common design or scheme to deprive plaintiffs of their property, in violation of 42 U.S.C. § 1983.

Defendants filed a motion to dismiss this complaint, accompanied by exhibits [Doc. #9]. They assert that the complaint fails to state a claim against defendants upon which relief can be granted. They also assert the defense of collateral estoppel/*res judicata*.

Defendant, City of Boaz, contends that it is not liable for any acts or omissions of Paul Gray pursuant to vicarious liability or *respondeat superior*. Defendants also assert that plaintiffs

have stated no cause of action against them. They request that the claims against them be dismissed because the City of Boaz is already a party defendant, and official capacity suits are really suits against the municipal entity, citing Monell v. Department of Social Services, 436 U.S. 658, 690-94, 98 S.Ct. 2018, 2035-38, 56 L.Ed.2d 611 (1978).

Defendants also assert that punitive damages cannot be assessed against them, citing Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), and that they are entitled to sovereign immunity, qualified immunity, discretionary function immunity, good faith immunity and legislative immunity.

#### DISCUSSION

Collateral Estoppel/Res Judicata

Defendants contend that plaintiffs' claims are barred by the doctrine of collateral estoppel and/or res judicata. Collateral estoppel is applicable where (1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom the earlier decision is asserted has had a full and fair opportunity to litigate the issue in the prior action. Fountain v. Metropolitan Atlanta Rapid Transit Authority, 849 F.2d 1412, 1414 (11th Cir. 1988).

The court finds that the issues at stake in plaintiffs' federal petition are identical to the issues raised in the 1997 and 2000 lawsuits filed in Marshall County Circuit Court. Thus, condition (1) has been established.

6

Plaintiffs' first suit was dismissed when the state trial court granted summary judgment in favor of defendants. The second suit was dismissed on the court's own motion. Neither dismissal was a voluntary dismissal by plaintiffs. Rule 41(b), Ala.R.Civ.P., controls involuntary dismissals in state court. It states, in pertinent part:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and **any dismissal not provided for in this rule**, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, **operates as an adjudication on the merits**.

Ala.R.Civ.P. 41(b) (emphasis added). Consequently, the trial court's dismissal of plaintiffs' claim appears to have been an adjudication of the same claim presented here. Although plaintiffs could have done so, they failed to appeal the state court's dismissal of their claims.

Therefore, the court finds that the same issue was actually litigated in the prior action, that the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the prior litigation, and that the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the prior action. Under these circumstances, the court finds the doctrine of collateral estoppel to be applicable.

Based on the foregoing, the court finds that defendants' motion for summary judgment is due to be granted and all claims against defendants dismissed with prejudice.

The court finds that there are other reasons why this complaint should be dismissed and shall discuss them *infra*.

Failure to State a Claim

All defendants have moved to dismiss the complaint against them, alleging plaintiffs have failed to state a cause of action for interference with plaintiffs' business or contractual relations or for any violations of 42 U.S.C. § 1983.

Rule 56 of the Federal Rules of Civil Procedure, which sets out the procedural rules for summary judgment motions, reads in relevant part as follows:

> (c) . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
> . . . . . . .
> (e) . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(c) and (e).

In the present case, defendants have correctly pointed out that the complaint itself does not allege any illegal acts or, for that matter, any acts at all performed by the mayor and city council that violated any rights of plaintiffs. The facts alleged in the complaint are brief at best. The acts of defendants upon which plaintiffs base their causes of action are as follows:

> 9. In 1997 a new mayor and council was elected and assumed office and since that time the City has engaged in a series of activities designed to close the mobile home park by the following actions:

(A) The City building inspector, Paul Gray, has continuously conducted his activities with regard to the park in a manner designed to harass, annoy and hinder the Plaintiff's (sic) business.

(B) On June 5, 1997 the City filed an action in the Circuit Court of Marshall County, Alabama CV 92-280.01A seeking relief based on a 1994 judgment CV 92-280A. The City in this action requested in the complaint an order declaring the mobile home park in question a public nuisance and a restraining order directing the plaintiffs to refrain from not complying with previous orders of the court and to order Plaintiffs to correct any deficiencies and violations.

(C) CV 92-280.01A was set for trial on June 9, 1999 at which time the City conceded that Plaintiffs had improved the park and was in substantial compliance with the previous orders of the court, however a zoning/nonconforming use issue remained unsettled relative to Plaintiffs' right to replace mobile homes already removed from the park.

(D) The remaining issue was set for trial on June 9, 1999, however the parties entered into a settlement agreement disposing of the zoning/nonconforming use issue, said agreement being ratified by the court[,] a copy of each being attached as Exhibit "C" and "D".

(E) The City of Boaz has conducted itself in the CV 92-280-01A litigation in bad faith by entering into agreements it has no intention of honoring and has in effect condemned the mobile home park illegally and has further shown disdain and indifference to the Orders of the Circuit Court of Marshall County, Alabama by its actions in irreparable damages and costs to the Plaintiffs. (sic).

10. The Circuit Court of Marshall County, Alabama has refused to grant Plaintiffs' (sic) relief from the City's actions.

[Doc. #1 at 2-3]. Nothing in the complaint sets forth any acts committed by the members of the Boaz City Council, either individually or in their official capacities, that are alleged to have

violated any rights of plaintiffs. Likewise, the complaint fails to state that the council members had any notice of any illegal actions supposedly performed by Paul Gray. All that it states regarding Gray is that he continuously conducted his activities with regard to the park in a manner designed to harass, annoy and hinder plaintiffs' business. Nothing on the face of the complaint reflects any actions that are in violation of 42 U.S.C. § 1983. It is totally conclusory in nature.

In their brief filed in opposition to defendants' motion for summary judgment, plaintiffs allege that Gray's activities were carried on "under the knowing yet blind eye of the mayor, Charles Smith, and the City Council members . . . ." It is also averred that "Mr. Wofford has appealed individually to each member of the city council only to be ignored or snubbed every time." [Doc. #12 at 1-2].

Plaintiffs also make other general allegations of illegal actions by "the city" claiming, for instance, that "[t]he city has failed to honor and comply with the order issued by the court in CV 92-280-01A." Plaintiffs' brief also asserts that "the city" agreed to let Mr. Wofford move five new mobile homes into the park if he undertook court-ordered reparations, but then refused to allow him to do so after he complied. [*Id.* at 2].

None of the allegations contained in plaintiffs' brief in opposition to summary judgment are supported by affidavits, interrogatories or other evidence. In the instant case, the Woffords relied on their pleading and the unsupported statements of counsel in the brief in opposition to summary judgment. This is insufficient to withstand defendants' motion for summary

judgment. See Fed.R.Civ.P. 56(e). Lacking any evidence to support their claims, summary judgment is proper for plaintiffs' failure to state a claim upon which relief can be granted.

Lack of Subject Matter Jurisdiction

However, even if counsel's unsubstantiated allegations are considered as "evidence" in opposition to defendants' motion for summary judgment, they are still insufficient. It appears to the undersigned that this court lacks subject matter jurisdiction over the claims asserted by plaintiffs. The question of subject matter jurisdiction may be raised at any stage in the proceedings by any party or by the court on its own motion. *Majd-Pour v. Georgiana Community Hospital, Inc.*, 724 F.2d 901, 902 (11th Cir. 1984).

The case of *Boatman v. Town of Oakland, Florida*, 76 F.3d 341 (11th Cir. 1996), bears great similarity to the present case. In *Boatman*, the plaintiffs, William and Mary Jane Boatman, obtained a building permit and built a home. After the structure was complete, they asked the town's building inspector to perform a final inspection so that they could receive a certificate of occupancy. The inspector refused to conduct the inspection. In his opinion, the Boatmans had constructed a "mobile home" in violation of a provision of the town's zoning ordinance that prohibited the placement of mobile homes on lots in the Boatmans' residential district. Without the inspection, the town refused to issue a certificate of occupancy.

Instead of pursuing their administrative and state court remedies, the Boatmans filed suit in federal district court seeking an injunction directing the town to issue the certificate and an award of money damages. The Boatmans invoked the federal court's jurisdiction under

11

42 U.S.C. § 1983, alleging that the town's refusal to issue the certificate of occupancy was "arbitrary and capricious" and thus deprived them of a "vested property right in their building permit," in violation of the Fourteenth Amendment.

The Eleventh Circuit determined that the building inspector improperly refused to perform the inspection of the Boatmans' home. However, faced with this improper decision, the court held that plaintiffs could and should have pursued their administrative remedies before the Board of Zoning Adjustment and, if unsuccessful, their legal remedies in Orange County Circuit Court. Thus, though entitled to procedural due process on their claim, the Boatmans abandoned it by failing to take advantage of the procedures available to them under state law.

Furthermore, the plaintiffs have failed to make out a viable substantive due process claim. The Court described the Boatmans' alternate claim of a substantive right to a correct decision from a government official "frivolous." *Id.* at 346. The *Boatman* decision is based on firmly established law concerning the applicability of substantive due process to deprivations of rights that exist by virtue of state law. It is well established that land use rights, as property rights generally, are state-created rights. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Spence v. Zimmerman*, 873 F.2d 256, 258 (11th Cir. 1989). Rights created by state law are protected by procedural but not substantive due process because substantive due process protects only rights created by the Constitution. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (*en banc*), *cert. denied*, 513 U.S. 1110, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995).

12

In *McKinney*, the Eleventh Circuit addressed the limits of a substantive due process claim. In that case, the plaintiff commenced an action alleging that his termination as a county employee was an arbitrary and capricious deprivation of his state-created property interest in his employment. In overturning prior Eleventh Circuit law, the *McKinney* court held that "areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because substantive due process rights are created only by the Constitution." *Id.* at 1556, quoting *Regents of the University of Michigan v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) (Powell, J., concurring). The *McKinney* court, however, noted that its holding foreclosing substantive due process claims applied only to "executive" or "non-legislative" acts. 20 F.3d at 1557, 1560.

The acts of a city building inspector are acts designed to carry out zoning ordinances and other building codes enacted by a municipality. Thus, such acts are "executive," not legislative, in nature and subject only to procedural due process. As a result, when a property owner alleges that a town executive has arbitrarily and capriciously refused to issue such land-use related items (such as certificates of occupancy or zoning variances), no substantive due process claim is stated. *Boatman*, 76 F.3d at 346. *Accord*, *DeKalb Stone, Inc. v. County of DeKalb, Georgia*, 106 F.3d 956 (11th Cir. 1997); *Coletta v. City of North Bay Village*, 962 F.Supp. 1486 (S.D.Fla. 1997).

If, as it appears, Gray performed these alleged acts of harassment in the course of carrying out his duties as a building inspector, any cause of action that may exist, as noted

13

above, is grounded in Gray's enforcement of state or municipal law. Thus, even if the actions of Gray were an improper performance of his duties as a building inspector, his refusal to allow the five mobile homes referenced above to be occupied is still an "executive" function.

As near as can be determined from plaintiffs' complaint and the various briefs and documents filed by the parties, plaintiffs' complaint is that Boaz building inspector Paul Gray repeatedly inspected their mobile home park and caused them to expend large sums of money to bring the park into compliance with various municipal codes. Their only cause of action seems to be grounded in the statement in their complaint that Paul Gray continuously conducted his activities with regard to the park in a manner designed to harass, annoy and hinder plaintiffs' business and that they complained to the city council members but were ignored. Thus, at best, it might be gleaned from plaintiffs' complaint that they are alleging that Gray's allegedly improper enforcement of state building codes deprived them of their property without due process of law. As noted above, plaintiffs are not entitled to substantive due process since their claim is grounded in an executive violation of rights granted by state or municipal laws.

If this claim is for an alleged violation of procedural due process, it also is meritless because the Woffords received all the process they were due. State law gave them the right to appeal the state circuit court's dismissal of their 1997 complaint and their 2000 petition for relief. They did neither. Thus, they were afforded due process but failed to avail themselves of it. As a result, they abandoned any procedural due process argument. *Cf. DeKalb Stone, Inc.,*

14

106 F.3d at 958 n.3. Therefore, this court lacks subject matter jurisdiction, and this case is due to be dismissed with prejudice.

An order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 27th day of February, 2001.

                                          HARWELL G. DAVIS, III
                                          UNITED STATES MAGISTRATE JUDGE